IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Bradley James Albert,

           Plaintiff,

                        Case No. 1:20-cv-5146-MLB

v.

Discover Bank,

           Defendant.

_____/

## OPINION & ORDER

On December 17, 2020, pro se Plaintiff Bradley James Albert sued Defendant Discover Bank. (Dkt. 1.) On February 4, 2021, Plaintiff filed a Motion for Clerk's Entry of Default. (Dkt. 6.) The Court denies that motion. On March 8, 2021, Defendant moved to dismiss for insufficient service. (Dkt. 7.) Plaintiff did not respond. The Court grants Defendant's motion.

I.  **Motion for Clerk's Entry of Default**

    A.  **Standard of Review**

The Federal Rules of Civil Procedure provide for the entry of a clerk's default if a defendant fails to timely respond to a complaint

seeking affirmative relief. Fed. R. Civ. P. 55(a). If, however, the plaintiff has failed to properly serve the defendant with process, then the plaintiff is not entitled to the entry of a default despite the defendant's failure to timely respond. *See Onpower, Inc. v. United Power Line Contractors, LLC*, No. 2:15-cv-796-FtM-99MRM, 2016 WL 9049315, at *2 (M.D. Fla. Mar. 14, 2016) ("While Defendants have failed to file any documents in this case or otherwise defend this action as required by Rule 55(a), absent a showing by Plaintiffs that they properly effectuated service of process, an entry of default by the Clerk is not appropriate against Defendant . . . ." (internal citation omitted)); 10A Wright & Miller, *Federal Practice & Procedure* § 2682 (4th ed. 2020) ("Before a default can be entered, the court must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process." (footnote omitted)). When seeking a default, the plaintiff bears

the burden of establishing proper service of process. *Onpower*, 2016 WL 9049315, at *1.

**B.     Discussion**

Plaintiff claims he served Defendant by mailing a copy of the complaint via United States Postal Service ("USPS") mail. (Dkt. 6 at 6, 14.) The Court finds Plaintiff failed to properly serve Defendant with process for two reasons.

**1.     Failure to Serve a Summons**

Rule 4(c)(1) provides that "[a] summons must be served with a copy of the complaint" and "[t]he plaintiff is responsible for having the summons and complaint served." Fed. R. Civ. P. 4(c)(1). Plaintiff contends he served the complaint and "Certificate of Service" on Defendant. (Dkt. 6 at 6, 17.) A certificate of service is not a summons. *Compare Summons*, Black's Law Dictionary (11th ed. 2019) (defining summons as "[a] writ or process commencing the plaintiff's action and requiring the defendant to appear and answer"), *with Certificate of Service*, Black's Law Dictionary (11th ed. 2019) (defining certificate of service as "[a] section of a pleading or motion filed with the court, . . . in which the filing party certifies to the court that a copy has been mailed

3

to or otherwise served on all other parties"). There is no indication Plaintiff served Defendant with a summons. This defect alone is enough to deny Plaintiff's request for entry of default against Defendant.

## 2. Failure to Properly Serve a Corporation

Second, Plaintiff's attempt to serve Defendant violates Rule 4's provisions for serving a corporation. Service of process on corporate entities, such as Defendant, is governed by Rule 4(h)(1), which provides that a corporation or entity must be served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1) provides, in turn, that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In other words, Rule 4 permits a plaintiff to serve a corporation in one of two ways. *Dyer v. Wal-Mart Stores, Inc.*, 318 F. App'x 843, 844 (11th Cir. 2009) (per

4

curiam). "First, a plaintiff may use any method of service allowed in the state where the district court is located or where service is made." *Id.* (citing Fed. R. Civ. P. 4(h)(1), 4(e)(1)). "Second, a plaintiff may effect service 'by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized . . . to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.'" *Id.* (emphasis omitted) (quoting Fed. R. Civ. P. 4(h)(1)(B)). The Court finds Plaintiff failed to effect service of process on Defendant in either manner prescribed by Rule 4.

First, Plaintiff did not serve Defendant in a manner that satisfied Georgia law (the state where this Court is located) or Utah law (the state where service was attempted).[1]  Under Georgia law, "service of process must be made on a corporation by personally serving 'the president or other officer of such corporation or foreign corporation, managing agent thereof, or a registered agent thereof.'" *Hunt v. Nationstar Mortg., LLC*, 684 F. App'x 938, 940–41 (11th Cir. 2017) (per curiam) (quoting O.C.G.A.

---

[1] Plaintiff sent a copy of the complaint to "Discover Bank P.O. Box 30416 Salt Lake City, UT 84130." (Dkt. 6 at 6.)

5

§ 9-11-4(e)(1)(A)); *see also KMM Indus., Inc. v. Pro. Ass'n, Inc.*, 297 S.E.2d 512, 513 (Ga. Ct. App. 1982) ("There is no provision in Georgia law which authorizes a party to serve a defendant corporation *directly* by certified or registered mail . . . ."). Because Georgia law requires in person service on defendant-corporations, Plaintiff's attempt to serve Defendant by mail was not sufficient. Utah, on the other hand, permits service upon a corporation by mail so long as the "defendant's agent authorized . . . to receive service of process signs a document indicating receipt." Utah R. Civ. P. 4(d)(2)(B). There is no evidence to suggest anyone signed a document indicating receipt, let alone Defendant's agent. For these reasons, Plaintiff's attempt to serve Defendant by mail is not proper under Georgia or Utah law.

Second, under Rule 4(h)(1)(B), a plaintiff may serve process on a corporation "by *delivering* a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized . . . to receive service of process." Fed. R. Civ. P. 4(h)(1)(B) (emphasis added). The Eleventh Circuit has interpreted "delivering" to mean personal service. *Dyer*, 318 F. App'x at 844 (citing *Larsen v. Mayo Med. Ctr.*, 218 F.3d 863, 868 (8th Cir. 2000)). "If the defendant agrees to

6

waive service, however, the plaintiff need only mail a copy of the complaint to the defendant." Fed. R. Civ. P. 4(d). Here, Plaintiff failed to personally serve any of Defendant's officers, managers, or authorized agents, as required by Rule 4(h)(1)(B); nor did he file a waiver of service. *See, e.g.*, *Escudero v. Fed. Nat'l Mortg. Ass'n*, No. 2:14-CV-20, 2014 WL 12544771, at *2 (N.D. Ga. Apr. 3, 2014) ("Unless defendant has waived service, plaintiffs must personally effect service upon defendant, and service by mail is insufficient under 4(h)(1)(B).").

Accordingly, Plaintiff failed to effect service of process in either manner prescribed in Rule 4(h)(1). Without proof of proper service, the Court lacks jurisdiction over Defendant. As Plaintiff has not filed proof of proper service on Defendant, entry of default is not appropriate.

## II.  Motion to Dismiss for Insufficient Service

### A.  Standard of Review

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a defendant may bring a motion to dismiss for insufficient service of process. Fed. R. Civ. P. 12(b)(5). The burden is on the plaintiff to establish the validity of the service on the defendant. *Fitzpatrick v. Bank of N.Y. Mellon*, 580 F. App'x 690, 694 (11th Cir. 2014) (per curiam)

("Where a defendant challenges service of process, the plaintiff bears the burden of establishing its validity." (citing *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981))).[2] "A defendant's actual notice is not sufficient to cure defectively executed service." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (per curiam).

## B.   Discussion

Defendant moves to dismiss for insufficient service, arguing service was improper under federal, Georgia, and Utah law. (Dkt. 7 at 3.) The Court agrees, as explained above. Also, Plaintiff did not respond to Defendant's motion. Pursuant to Local Rule 7.1(B), this failure to file a response indicates that there is no opposition to the motion. LR 7.1(B), NDGa. Seeing as Plaintiff bears the burden of establishing the validity of service, *Fitzpatrick*, 580 F. App'x at 694, the Court finds Plaintiff has completely failed to meet his burden. The Court grants Defendant's

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

motion for that reason and for the reasons outlined above on why service is insufficient.[3]

## III. Conclusion

The Court **DENIES** Plaintiff's Motion for Clerk's Entry of Default (Dkt. 6) and **GRANTS** Defendant's Motion to Dismiss (Dkt. 7). The Court **DISMISSES** Plaintiff's complaint and **DIRECTS** the Clerk to close this case.

**SO ORDERED** this 27th day of May, 2021.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE

---

[3] The Court recognizes that Rule 4(m) provides for extensions of time to perfect service if "the plaintiff shows good cause for the failure" to timely serve the defendant. Fed. R. Civ. P. 4(m). Plaintiff has not responded— let alone shown good cause.